UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TOMMIE COLON,

    Petitioner,

-vs-                                                  Case No. 8:05-cv-435-T-30EAJ

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

      Petitioner, a State of Florida inmate, initiated this action *pro se* by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). Petitioner is challenging a conviction for robbery with a firearm entered in 2001 by the Sixth Judicial Circuit Court, Pinellas County, Florida. Respondent has filed a response to the petition (Dkt. 7), and Petitioner has filed a reply thereto (Dkt. 10). The matter is now before the Court for consideration on the merits of the petition.

      An evidentiary hearing is not required for the disposition of this matter. Rules Governing Section 2254 Cases 8(a) (2007). A recitation of the procedural history of Petitioner's criminal conviction is not necessary to the resolution of his habeas claim because Respondent does not dispute the timeliness of the petition or assert that the claim is not exhausted in state court.

**Standard of Review**

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fagged v. Head*, 261 F.3d 1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (habeas court's standard for evaluating state-court ruling is highly deferential, which demands that state-court decisions be given the benefit of the doubt).

Pursuant to 28 U.S.C. § 2254(a) "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. *See Penry v. Johnson,* 532 U.S. at 792; *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003).

Pursuant to AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003). Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision. *See Wright v. Sec. of Dept. of Corrs.*, 278 F.3d 1245, 1255 (11th Cir. 2002). Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established federal law. *Mitchell v. Esparaza*, 540 U.S. 12, 17 (2003). "[A] state court's decision is not 'contrary to . . . clearly established Federal law' simply because the court did not cite [Supreme Court] opinions. . . . [A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" *Id.* at 16 (quoting *Early v. Packer,* 537 U.S. 3, 7-8 (2002)). "[W]hether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (citation omitted). A state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Henderson*, 353 F.3d at 890-91.

**Standard for Ineffective Assistance of Counsel**

Petitioner asserts ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). In order to show a violation of the Sixth Amendment right to counsel, Petitioner must satisfy the two-pronged inquiry of *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Bell v. Cone*, 535 U.S. 685, 698 (2002)(courts should apply *Strickland* to claims that counsel failed to satisfy constitutional requirements at specific points). First, Petitioner must demonstrate that the attorney's performance was deficient, meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, Petitioner must prove prejudice, in that he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*., 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*,466 U.S. at 694. Petitioner must prove both prongs of *Strickland.* Therefore, if Petitioner fails to establish either deficient performance or prejudice, the court need not address the other prong. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice,….that course should be followed."); *Sims v.*

*Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

"[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment," a petitioner must demonstrate that error by counsel prejudiced the defense. *Strickland*, 466 U.S. at 691-92. Finally, "[e]ven if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so." *Rogers v. Zant*, 13 F.3d at 386.

## Discussion

Petitioner's sole claim is that his trial counsel provided ineffective assistance by failing to file a motion to suppress Mary Wilkinson's (hereinafter "Wilkinson") identification of Petitioner as the perpetrator of the robbery after police used an impermissibly suggestive identification procedure. Specifically, Petitioner claims that on July 19, 1999, approximately three weeks after the robbery of a department store, police officers showed Wilkinson, the clerk at the department store whom was robbed at gunpoint, a single photograph of

Petitioner,[1] and Wilkinson identified Petitioner as the perpetrator of the robbery. On July 22, 1999, police officers showed Wilkinson a photo pack which included Petitioner's booking photograph,[2] and she again identified Petitioner as the perpetrator. Petitioner argues that the identification procedure was unduly suggestive, and therefore, his counsel was ineffective by failing to move to suppress Ms. Wilkinson's identification of Petitioner as the perpetrator.

Both Wilkinson and Billie Williams unequivocally identified Petitioner as the robber during the trial (Dkt. 7, Ex. 1, Vol. III at 129-130; Vol. IV at 227-228). However, Petitioner argues that Wilkinson's in-court identification is merely the product of the unduly suggestive out-of-court identification procedure. In its order rejecting this claim, the state post-conviction court found:

> Defendant seeks collateral relief from his conviction for robbery with a deadly weapon based on ineffective assistance of counsel, in that counsel failed to file a motion to suppress challenging the impermissibly suggestive procedure that the police employed to obtain the victim's identification of Defendant as the robber. Specifically, he states that
> Det. Little's use of a show up method, i.e. a single still photo, sandwiched between two six-picture photo packs impermissibly suggested the suspect's identity.
>
> It is generally acknowledged that although a show-up identification is inherently suggestive, that such identifications are valid if based on the circumstances there is an absence of substantial likelihood of irreparable misidentification. See Lassiter v. State, 858 so. 2d 1134 (Fla. 5th DCA 2003); see also Perez v. State, 648 So. 2d 715 (Fla. 1995). There is nothing on the record to indicate that counsel should have filed a motion to suppress Ms. Wilkinson's identifications as the show-up impermissibly influenced her identification. Det. Little testified that the still photo derived from a

---

[1] The photograph was obtained from a surveillance camera from another department store.

[2] Petitioner had been arrested on July 20, 1999.

surveillance camera, was "grainy" and "of very poor quality" to positively identify anyone and that Ms. Wilkinson could only say that he looked similar to the perpetrator. *See Exhibit A: Excerpt of Trial Testimony, pp. 406-407; 410-411*. Both Det. Little and Ms. Wilkinson testified that Det. Little did not in any manner suggest the suspect's identity in either photo pack lineup. *See Exhibit A at pp. 159-162, 393-402*. Finally as the identification was based on her independent recollection of the perpetrator's appearance, there is not a substantial likelihood that Ms. Wilkinson misidentified Defendant from the single photo. Lassiter at 1135. Ms. Wilkinson testified that she identified Defendant from the second photo-pack based on her memory on the day of the robbery. *See Exhibit A at p. 196*. The perpetrator provided Ms. Wilkinson, the jewelry associate who was waiting on him, sufficient time to view his appearance. She viewed Defendant without distraction for ten minutes from three feet away in a well-lighted store. *See Exhibit A at pp. 131-135*. As Defendant has failed to demonstrate the deficiency prong of the Strickland test, it is accordingly

**ORDERED AND ADJUDGED** that Defendant's Motion for Post-Conviction Relief is **DENIED**.

(Dkt. 7, Ex. 20 at 1-2).

"Determining whether an identification is so unreliable as to violate due process requires us to answer two questions: (1) whether the original identification procedure was unduly suggestive; and if so, (2) whether the procedure, given the totality of the circumstances, created a substantial risk of misidentification at trial." *Marsden v. Moore*, 847 F.2d 1536, 1545 (11th Cir. 1988) (citation omitted). Reliability is the major factor in determining the admissibility of identification testimony. *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977). "Factors to be considered in determining whether the identification was reliable include: (1) opportunity to view; (2) degree of attention; (3) accuracy of the description; (4) level of certainty; and (5) length of time between the crime and the

7

identification." *United States v. Diaz*, 248 F.3d 1065, 1102 (11th Cir. 2001) (citing *Neil v. Biggers*, 409 U.S. 188, 199 (1972).

Even if the out-of-court identification procedure in this case could be construed as unduly suggestive,[3] the witnesses' identification of Petitioner is sufficiently reliable as not to create a "very substantial likelihood of irreparable misidentification." *Neil v. Biggers*, 409 U.S. at 198. Applying the *Biggers* factors, the identification of Petitioner was clearly admissible. At the time of the robbery, both Wilkinson and Billie Williams had ample opportunity to observe Petitioner in a well lighted area at a very close distance, since Wilkinson had spent approximately ten minutes with Petitioner assisting him with the jewelry before the robbery, and Billie Williams watched him during this time period. They also had ample opportunity to view Petitioner on two other occasions following the robbery when Petitioner returned to the department store. Rachel Costello also had ample opportunity to view Petitioner on the night prior to the robbery when she had assisted Petitioner at the store for approximately thirty minutes. Wilkinson, Billie Williams, and Rachel Costello all were paying very close attention to Petitioner during the times they observed him because they all noticed Petitioner was acting suspiciously,[4] and Wilkinson and Rachel Costello were personally assisting Petitioner. Their description of Petitioner was reasonably accurate if not almost identical. At trial they all were absolutely certain of their

---

[3] Although not dispositive of the issue of suggestiveness, showing only one photograph can be determined to be unduly suggestive in certain circumstances. *Marsden*, 847 F.2d at 1545-1546

[4] For instance, Wilkinson saw Petitioner wiping the jewelry case with a white towel which Wilkinson testified "was very unusual." (Dkt. 7. Ex.1, Vol. III at 131-32).

identification of Petitioner. Their initial identification was made within less than three weeks to a month following the robbery. Moreover, Billie Williams identified Petitioner from a photo pack of six individuals, and there is no indication in the record that she was ever shown either of the two still photographs from the surveillance cameras that were shown to Wilkinson.[5] Weighing all the factors under the totality of the circumstances, there was no substantial likelihood of misidentification.

Under these circumstances, the Court cannot find that no reasonable lawyer would have decided not to file a motion to suppress Wilkinson's identification of Petitioner as the perpetrator. *See Rogers v. Zant*, 13 F.3d at 386. Petitioner has not shown that the state trial court's finding that trial counsel was not ineffective in failing to file a motion to suppress the identification of Petitioner by Wilkinson resulted in an unreasonable application of federal law as established by Supreme Court precedent or an unreasonable determination of the facts in light of the evidence. Therefore, this claim does not warrant habeas corpus relief.

## Conclusion

For the foregoing reasons, the Court finds that Petitioner has failed to establish that he is entitled to federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1).

---

[5] Billie Williams did testify that she watched two surveillance videos prior to identifying Petitioner from the photo pack, but she was unable to determine from watching the video that the person on the video was the man who had robbed the store on July 3, 1999 (Dkt. 7, Ex. 1, Vol. IV at 252-53; 256-57).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on February 12, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

<u>Copy furnished to</u>:
Counsel of Record
Petitioner pro se